Homer L. BRUCE et ux., Appellants,

v.

UNITED STATES of America, Appellee.

No. 26165.

United States Court of Appeals Fifth Circuit.

April 10, 1969.

William C. Griffith, Baker, Botts, Shepherd & Coates, Houston, Tex., for appellants.

Morton L. Susman, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., Leonard B. Tatar, Atty., Tax Div., Dept. of Justice, Fort Worth, Tex.,

**1318**

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, Harry Baum, Issie L. Jenkins, Attys., Tax Division, U. S. Dept. of Justice, Washington, D. C., for appellee.

Before JONES and COLEMAN, Circuit Judges, and CHOATE, District Judge.

PER CURIAM:

In this taxpayers' suit for refund, the issue is whether certain stock losses should be treated as ordinary losses (rather than capital) because of the provisions of Section 1244 of the Internal Revenue Code of 1954. The District Court determined the losses to be capital and denied the taxpayers' claim for refund. Bruce v. United States, 279 F. Supp. 686 (S.D.Tex.1968).

■ The facts are adequately stated in the District Court's opinion. As to the first three stock issues, the controlling question, as we see it, is whether the definitional requirements of Section 1244 have been met regarding the period for which the stock was to be offered. 26 U.S.C. § 1244(c) (1) (A). The taxpayers strenuously argue that the inclusion of specified termination dates in the "plans" would have been "useless surplusage" under the facts of this case. While the argument is not without merit, it has been effectively answered by Spillers v. Commissioner of Internal Revenue, 5 Cir., 1968, 407 F.2d 530.[1] Upon the rationale of *Spillers*, the District Court's holding regarding the first three issues is affirmed.

■ The final stock offer, while meeting the specificity requirements of § 1244, was made while the corporation was in the process of liquidation and dissolution. The District Court correctly held that the loss on this stock did not qualify for the special treatment afforded by § 1244.

■ The clear Congressional purpose for this beneficial tax treatment is to encourage the formation and continuation of small businesses by reducing the prospective financial risks in the event the enterprise should fail. In the instant case, the only reason for the form of the last stock transaction was a desire to transform what would have ordinarily been a capital loss into an ordinary one. However, Section 1244 is designed to encourage the flow of new risk funds into an operating business, not to provide a means by which unused losses may be reduced when liquidation and failure have become a certainty. Under the circumstances of this last stock issue, "recognition of the form of the transaction would defeat the statutory purpose." United States v. General Geophysical Co., 296 F.2d 86, 88 (5 Cir. 1961).

The judgment of the District Court is Affirmed.

---

1. The court stated, in part:

    If we put our imprimatur on what the taxpayers characterize as superfluous

    we would effectively repeal the requirements for § 1244 stock.